145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joan TARG; Russell Targ; Nancy Kiesling, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, an Illinois
Corporation, and Does 1 through 50, inclusive,
Defendants-Appellees.
 No. 97-16033.
D.C. No. CV-96-02695-VRW.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 17, 1998.**
Decided April 28, 1998.
 
 Appeal from the United States District Court for the Northern District of California, Vaughn R. Walker, District Judge, Presiding.
 Before FLETCHER, D.W. NELSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs Joan Targ, Russell Targ and Nancy Kiesling ("the insureds") appeal from the district court's entry of summary judgment in favor of defendant State Farm Fire and Casualty Company ("State Farm"). The insureds seek money damages for breach of insurance contracts and infliction of emotional distress arising from State Farm's refusal to defend and indemnify the insureds in an action brought by third parties. The district court held that State Farm had no duty to defend the insureds under the insurance contracts at issue. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * The insureds developed a subdivision on an 80 acre plot of land. The subdivision consists of nine residential building sites, each covering approximately 2 acres; a 10 acre commonly held open space; and a 52 acre parcel owned by the insureds. In the early 1990s the insureds began to develop an organic farm on the 52 acre parcel.
 
 
 4
 Some of the owners of the residential sites ("the residents") objected to the proposed farm and undertook measures to block it. The residents filed suit in California court ("the Meyer complaint") alleging that Joan Targ represented to them at the time they purchased their properties that the 52 acre parcel would remain undeveloped. The residents sought injunctive and declaratory relief and damages.
 
 
 5
 The insureds tendered the Meyer complaint to State Farm, requesting that State Farm defend and indemnify them under three separate policies: homeowner's and personal liability policies issued to Joan and Russell Targ and a condominium owner's policy issued to Nancy Kiesling. State Farm denied the request. The insureds filed suit in state court, claiming breach of insurance contract and infliction of emotional distress. State Farm removed the action to the district court pursuant to 28 U.S.C. § 1441(b). The district court granted State Farm's motion for summary judgment, holding that State Farm had no duty to defend the insureds. This timely appeal followed.
 
 II
 
 6
 We review de novo a district court's grant of summary judgment. Stanford Ranch, Inc. v. Maryland Cas. Co., 89 F.3d 618, 624 (9th Cir.1996). " 'Because this action was removed to federal district court under diversity jurisdiction, the substantive law of California, the forum state, applies.' " Id. (quoting St. Paul Fire & Marine Ins. Co. v. Weiner, 606 F.2d 864, 867 (9th Cir.1979)). We review de novo a district court's interpretation of state law. Id.
 
 III
 
 7
 Under California law, an insurer has an obligation to defend its insured against claims for damages for which the insured may be potentially liable. Cutler-Orosi Unified Sch. Dist. v. Tulare County Sch. Dists. Liability/Property Self Ins. Auth., 31 Cal.App.4th 617, 37 Cal.Rptr.2d 106, 110 (Ct.App.1994) (citations omitted). The potential for liability must be determined from the allegations of the complaint as well as other facts available to the insurer at the time the insured tenders its request for defense. Id. Ambiguities are "resolved in favor of the insured." Id. The insured bears the burden of demonstrating the potential for coverage. Id. If the insured fails to bear that burden, the insurer has no duty to defend. Id.
 
 IV
 
 8
 The insureds argue that the district court erred in holding that the acts alleged in the Meyer complaint are not "occurrences" that would invoke State Farm's duty to defend. The insureds are mistaken.
 
 
 9
 Under the homeowners and condominium owners policies, State Farm is required to defend and indemnify "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage ... caused by an occurrence." (Emphasis in original.) The policies define an "occurrence" as
 
 
 10
 an accident, including exposure to conditions, which results in:
 
 
 11
 a. bodily injury; or
 
 
 12
 b. property damage;
 
 
 13
 during the policy period....
 
 
 14
 The Targs' personal liability policy defines "loss" as "an accident that results in personal injury or property damage."
 
 
 15
 Under these policy definitions, coverage is predicated on the occurrence of an "accident." The insureds argue that an "accident" occurred here because they did not intend to cause the injuries alleged in the Meyer complaint. They are mistaken. Under California law, "an 'accident' exists when any aspect in the causal series of events leading to the injury or damage was unintended by the insured and a matter of fortuity." Merced Mut. Ins. Co. v. Mendez, 213 Cal.App.3d 41, 261 Cal.Rptr. 273, 279 (Ct.App.1989). But "where the insured intended all of the acts that resulted in the victim's injury, the event may not be deemed an 'accident' merely because the insured did not intend to cause injury." Id.; see also Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1364-65 (9th Cir.1991) (citing Merced ).
 
 
 16
 Applying this analysis, the California courts have held that an insurer has no duty to defend its insureds against actions alleging intentional or negligent misrepresentation in the sale of real property. See Miller v. Western General Agency, Inc., 41 Cal.App.4th 1144, 49 Cal.Rptr.2d 55, 58-59 (Ct.App.1996); see also Safeco Ins. Co. v. Andrews, 915 F.2d 500, 502 (9th Cir.1990).
 
 
 17
 The Meyer complaint rests on allegations of misrepresentation and other intentional acts. It does not allege that any unintended event caused the injuries that the Meyer plaintiffs suffered. Only the injuries were unintended. Because there was no unintended event, there was no "accident" within the meaning of the policies. State Farm had no duty to defend.[1]
 
 
 18
 The order of the district court granting summary judgment in favor of State Farm is
 
 
 19
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we hold that there was no accident and thus no duty to defend, we do not reach State Farm's alternative argument that there was no property damage or bodily injury as those terms are defined in the Targs' policies